# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE KING,

                Appellant,

        v.

DEPARTMENT OF THE ARMY,

                Agency.

DOCKET NUMBER
AT-1221-12-0143-W-3

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Diane King</u>, Prattville, Alabama, pro se.

<u>Asmaa Abdul-Haqq</u>, and <u>Kevin Thompson</u>, Fort Stewart, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Whistleblower Protection Act. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an individual right of action (IRA) appeal in which she contended that she was terminated from her GS-9 Medical Technologist position during her probationary period in retaliation for making protected disclosures. After a hearing, the administrative judge found that the appellant had established IRA jurisdiction and that she made protected disclosures that were a contributing factor in an adverse action. *King v. Department of the Army*, MSPB Docket No. AT-1221-12-0143-W-3, Initial Decision (ID) at 2-4. He found, however, that the agency showed by clear and convincing evidence that it would have terminated the appellant during her probationary period absent any protected whistleblowing. ID at 4-8.

¶3 In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personal action in the absence of whistleblowing, the Board will consider the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but are otherwise similarly situated. *Carr v. Social Security*

*Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999).   We turn first to the strength of the agency's evidence.

¶4    The deciding official testified that he terminated the appellant because she displayed persistent unprofessional behavior and insubordination and created an atmosphere that her coworkers perceived to be hostile.  ID at 7.  The record in this appeal contains ample evidence that the appellant was frequently insubordinate and unprofessional and that she had frequent conflicts with her first-level supervisor, Initial Appeal File, MSPB Docket No. AT-1221-12-0143-W-1 (W-1 File), Tab 6 at 46, 62, her second level supervisor, *id.* at 35-36, 40-41, 53, 55-57, 59-60, 84-85, 89-92, both of her primary trainers, *id.* at 67-68, 76-79, and a third trainer who had to be brought in when one of the primary trainers refused to work with the appellant, *id.* at 94.  According to her own statements, the appellant only complies with instructions when she agrees with them and is satisfied with the manner in which they were delivered.  *See id.* at 48 (ignoring a superior's questions because "I do not reward aggressive behavior"); *id.* at 72 ("My trainer was insisting that I report a critical value that I did not believe was a [sic] critical.  I was not going to do it and so the OIC's intervention was required.").  The administrative judge concluded that any reasonable manager would terminate a probationer who behaved in this manner, ID at 8, and we find that the evidence in support of the termination is strong.

¶5    In contrast, the appellant merely asserts that the agency's witnesses were untruthful and she alleges that the administrative judge did not perform a proper credibility analysis.  Petition for Review (PFR) File, Tab 3 at 1.  We agree that the administrative judge did not articulate a lengthy explanation for his credibility determinations, but it is manifestly clear that he found the agency's witnesses to be more credible than the appellant's witnesses, and the appellant has not identified a sufficiently sound reason for us not to defer to those findings.  *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002).  Moreover, the appellant points to no evidence of record tending to call the

administrative judge's credibility determinations into question, and we discern none. Thus, although the administrative judge did not articulate the reasoning behind his credibility determinations, his mistake was of no legal consequence because there is no showing that it adversely affected the appellant's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶6   The appellant further contends that the administrative judge did not apply the proper test for determining whether the agency satisfied the clear and convincing evidence test. PFR File, Tab 3 at 1. We do not agree and find, instead, that the administrative judge properly applied the legal standards governing this appeal.

¶7   She also alleges that the administrative judge's findings on the clear and convincing evidence test were insufficient under *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012). PFR File, Tab 3 at 1. In *Whitmore*, the court emphasized that a fair clear and convincing evidence analysis requires genuine consideration of all of the evidence on both sides of the question. *Whitmore*, 680 F.3d at 1368. The strength of the agency's evidence in support of the termination was the most important factor in the administrative judge's analysis, but he also examined the record for any evidence tending to show that the termination was retaliatory and found none. ID at 5-8. The appellant did not identify any direct or circumstantial evidence of retaliatory animus, proffered no evidence of retaliatory motive, presented no evidence about any other probationers who behaved as she did and were not terminated, did not support her allegation that the agency's witnesses were untruthful, and offered no evidence of collusion. We find that the administrative judge performed as thorough a *Whitmore* evaluation as the evidence of record permitted.

¶8   The remainder of the appellant's arguments on review constitute a reiteration of her version of the facts, focusing in particular on an allegation that the appellant might be violent, an accusation she believes was unfair and unfounded. PFR File, Tab 3 at 3-5, Tab 6. However, she identifies no evidence

that contradicts the administrative judge's findings and therefore provides no basis for granting her petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.